587 A.2d 672
MARILYN LILLY, PLAINTIFF, v. PRUDENTIAL INSURANCE COMPANY, DEFENDANT.

Superior Court of New Jersey
Law Division Union County

February 2, 1990.

*Thomas E. Hood,* (for plaintiff, Marilyn Lilly), *Lynne B. Glass,* (also appearing).

*John T. Petras,* (*Weiner Lesniak,* for defendant Prudential Insurance Company).

## OPINION

MENZA, J.S.C.

Each party moves for summary judgment.

The question presented in this case is whether personal injury protection (PIP) benefits can be denied to an owner of an uninsured operable automobile which had not been operated and had been placed in storage by its owner prior to the accident.

There are no cases which have addressed this issue.

On June 9, 1988, plaintiff sustained injuries in an automobile accident which occurred when she was operating an automobile owned by her cousin and insured by the defendant, Prudential.

At the time of the accident, plaintiff was the owner of an operable uninsured 1987 automobile which she had not been operating for at least three months prior to the accident. According to the plaintiff, this automobile had been stored and had not been operated from February 1988 to sometime in July, when it was repossessed. Plaintiff testified that the reason that she did not operate the automobile was because she was financially unable to pay either the financing charges or the liability insurance on the automobile.

Prudential has refused to make PIP payments to the plaintiff based on an exclusionary clause in its policy which denies benefits to an owner of an automobile that "was being operated without personal injury protection coverage." [1]

The plaintiff contends that the exclusion is inapplicable to her because her automobile had been stored and had not been operated prior to the accident. It is the intent to operate, she contends, that is dispositive of the question of whether an owner is required to maintain liability insurance.

The No Fault Statute requires that an owner maintain liability insurance:

> Every owner or registered owner of an automobile registered or principally garaged in this State, shall maintain liability insurance coverage.... (*N.J.S.A.* 39:6A–15(b)).

Penalties are provided for the failure to maintain insurance:

> Any owner, operator or registrant of an automobile registered or principally garaged in this State who *operates or causes to be operated* an automobile upon any public road or highway in this State, knowingly without automobile insurance coverage ... may upon conviction be fined not more than $500.00, or imprisoned for not more than 6 months or both.... (Emphasis added) (*N.J.S.A.* 39:6A–15(b)).

PIP payments are denied to owners without liability insurance:

*N.J.S.A.* 39:6A–7b(1) provides:

---

[1]The insurance under this endorsement does not apply to bodily injury:

(b) to any person who, at the time of the accident, was the owner or registrant of a *private passenger automobile* registered or principally garaged in New Jersey that was being operated without personal injury protection coverage,....

(b) an insurer may also exclude from Section 4 and Section 10 benefits any person having incurred injuries or death, who at the time of the accident: (1) was the owner or registrant of an automobile registered or principally garaged in this State that was being operated without personal injury protection coverage;....

There are numerous situations in which an owner's intent not to operate his motor vehicle is manifest. Some examples are: the student who stores his automobile while away at school; the businessman living in Europe for a short period of· time; the driver who has lost his license; the owner of an antique but operable automobile and the elderly person who has decided not to drive any longer.

The specific question, then, is whether the legislature intended to exclude from the benefits of the No Fault Statute owners who have stored their uninsured motor vehicle because they do not wish to operate them.

The case of *Caldwell v. Kline*, 232 *N.J.Super.* 406, 557 *A.*2d 661 (App.Div.1989), which addressed a provision of the Unsatisfied Claim and Judgment Fund Statute sheds light on what the legislative intent was regarding this statute. In that case, the court addressed the question of whether an owner of a temporarily inoperable vehicle was excluded from recovery under the Unsatisfied Claim and Judgment Fund which provides that no judgment may be entered against the Fund if the applicant is "the owner or registrant" of an uninsured motor vehicle (*N.J.S.A.* 39:6–70(d)). The court held that the applicant was barred from recovery. In doing so, it commented on the amendment which deleted certain words in the statute. The original statute provided for disqualification from coverage unless a claimant could show that he was not "operating or riding in an uninsured motor vehicle owned by him." (*N.J.S.A.* 39:6–70(d) (*L.*1961)). The 1983 amended statute deleted all references to operation and denied benefits to any person who was the owner of an uninsured vehicle regardless of whether or not it had been operated:

Thus, prior to the amendment in 1983 if an uninsured motor vehicle owned by a claimant was parked, garaged, damaged or otherwise not in use and not

involved in an accident, Fund payments would be available to the owner even though the required insurance had not been purchased... Thus, while prior thereto it could be found that the intent was not to disqualify an owner whose uninsured vehicle was garaged or otherwise not operational, the contrary can be said was intended by the amendment.

We do not mean to suggest that an owner of a motor vehicle who has taken the vehicle off the road, for whatever reason, but with no intent of operating it, who has for instance removed the plates and registration, disconnected the batteries and the like, or has junked or abandoned the vehicle and, as a result, caused the insurance to lapse, would be disqualified.... An owner without an intent to operate his vehicle, whether it be because of temporary inoperability or otherwise, is not the type of person the Legislature wanted to exclude. Without the intent to operate and without registration and license plates, the vehicle could be no danger to anyone. Moreover, when the absence of insurance is the result of a decision to remove the vehicle from operation, there can be no concern of injury by a financially irresponsible or uninsured motorist. (*Caldwell* at 411–412, 557 *A.*2d 661).

The No Fault Statute contains language similar to the original "Fund" statute. It penalizes an owner for not carrying liability insurance only where the "owner operates or causes to be operated an automobile" (*N.J.S.A.* 39:6A–15) and denies PIP payments to an owner only where the automobile "was being operated." (*N.J.S.A.* 39:6A–7(b)). These words, coupled with the rationale of the *Caldwell* case, makes it clear that the statute excludes from PIP payments only those persons who are owners of automobiles which are being utilized on the roadway. To interpret the statute in any other way is simply to ignore its plain language and render the words "was being operated" superfluous and meaningless.

Defendant has argued that this statutory interpretation will make enforcement of the PIP exclusion provision difficult and most likely generate additional litigation. I'm inclined to agree. Nevertheless, the clear language of the statute, along with the concept that the exclusionary language of an insurance policy should be strictly construed, (*See Butler v. Bonner & Barnewall, Inc.,* 56 *N.J.* 567, 576, 267 *A.*2d 527 (1970)), and the strong public policy of this State to afford personal injury protection to an insured (*Fellipello v. Allstate Ins. Co.,* 172 *N.J.Super.* 249, 411 *A.*2d 1137 (App.Div.1979)), mandates such an interpretation.

The Court finds plaintiff's testimony that because of her financial condition she had stored her automobile for a period of approximately three months prior to the accident to be credible. Under the circumstances, this Court concludes that although plaintiff's automobile was uninsured on the date of the accident, it was not one which "was being operated" within the meaning of the statute. The exclusion therefore does not apply.

Plaintiff's motion for summary judgment is granted. Defendant's motion for summary judgment is denied.